HILLIARD, J.
This is an appeal from a judgment awarding plaintiff-respondent damages in the sum of $1,553 and costs for loss sustained in the destruction by fire of certain personal property. The complaint alleges, and the trial court found, that the fire was proximately caused by the negligent maintenance on the part of defendant-appellant Southern California Edison Company of the electric power lines serving the property occupied by respondent as a dwelling house.
At the time of the fire, on March 7, 1953, and for some time prior to this date respondent and her children were the tenants of certain residential property in the city of Ontario. Electric service was provided to these premises by defendant-appellant through the medium of three service wires leading from the main line service pole to the house, and wires connected thereto leading to the garage. These wires were strung over the roof of the garage or warehouse located between the pole and the point where such wires were attached to respondent’s house. The warehouse was an old wooden building and its roof covered by tar paper or asphalt which was in a state of deterioration due to the weather and the ravages of time. Respondent utilized this warehouse primarily for the storage of certain materials, equipment and tools incident to the conduct of her trade or business as an artist and textile processor. This personal property, stored in the warehouse, was destroyed by the fire and this action brought to recover damages for such loss.
It is the contention of respondent that the appellant failed to exercise proper care in the maintenance of these wires; that, as a result thereof, the insulation or weatherproofing on the wires was permitted to decay and deteriorate; that, during a windstorm on March 7, the wires rubbed together, sagged on the roof of the warehouse, and caused a *Supp. 896 short circuit which ignited the roofing material, resulting in the fire which destroyed the building and its contents.
' Appellant contends that the fire started inside the building and did not originate on the roof. In support of this contention, appellant produced certain witnesses, including the fire chief and the assistant chief distribution engineer of the Southern California Edison Company. The latter two witnesses were permitted to give expert testimony and expressed their opinions as to the point of origin of the fire. The trial court found adversely to appellant and rejected its theory of the cause of the fire.
The sole contention advanced by appellant is that the evidence fails to support the judgment. No legal authority is cited to this court to indicate that appellant, as a public utilities company, is not obligated to maintain its service lines in a safe condition with due regard to their location and any hazard in connection therewith. We must assume, then, that such duty is imposed upon appellant under the circumstances disclosed by the testimony. The trier of facts is not bound to accept the conclusions or opinions of any expert and, in this case, the trial court obviously gave little weight or credence thereto.
Under elementary principles of law, too well established to require citation of authority, the appellate court will construe the evidence and resolve every substantial conflict in support of the findings of the trial court. If there is competent evidence to support the findings and judgment, then this court will not substitute its evaluation or interpretation of the evidence in place of the ultimate facts as determined by the lower court.
The testimony of respondent herself supports a finding that the wires were “worn,” lacking in insulation, and in contact with the roof. As a percipient witness, she observed the wires moving in the wind, saw the spark on top of the roof, and instantly noted the flash of fire on the roof. This evidence alone sufficiently sustains the findings and judgment of the lower court.
Judgment is affirmed.
Coughlin, P. J., and Mitchell, J., concurred.